Carr v. Keeley Brewing Co.

---

Francis H. Carr v. The Keeley Brewing Co.

| 94 | 225 |
|----|-----|
| s198s | 493 |

1.   Attachments—*Alias Writs Not Authorized.*—There is no authority in the statutes of this State for the issuing of an alias writ of attachment.

2.   Special Executions—*Alias Writs of, Not Authorized by Stat-*

*ute.*—An alias special execution in a case of attachment in aid is not authorized by the statutes of this State and when issued, is without authority and void.

**Attachment.**—Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed March 14, 1901.

**Statement.**—Defendant in error was plaintiff and plaintiff in error defendant in the trial court. The suit was by attachment, the ground for attachment being, as alleged in the affidavit, that the defendant was not a resident of this State, but resided in Detroit in the State of Michigan. The attachment was returned defendant not found, but was levied on the equitable interest of the defendant in certain real property situated in the city of Chicago, Cook county, Illinois, described in the return. The defendant was served by publication, in accordance with the statute; a declaration in assumpsit was filed, and May 20, 1898, judgment by default was rendered against the defendant for the sum of $8,875. The judgment order concludes thus:

" And have execution against the property attached herein by virtue of a writ of attachment issued in said cause."

May 17, 1899, a special writ of execution, in the usual form, was issued, commanding the sheriff to cause to be made out of the attached property, describing it, the amount of the above-mentioned judgment and costs. The sheriff returned the writ with this indorsement:

"The within execution returned no part satisfied this 15th day of August, A. D. 1899."

The 15th of August was the ninetieth day after May 17, 1899, when the execution was issued. April 9, 1900, an alias writ of special execution was issued, the same in form and substance as the prior writ, except that it commences, " We *again* command you." May 26, 1900, the defendant, Carr, entered a special appearance, for the sole purpose of moving the court to recall and quash the special writ issued April 9th, and made such motion, which the court overruled. It is assigned as error that the court erred in not recalling and quashing the alias writ.

Newman, Northrup & Levinson, attorneys for plaintiff in error.

Daniel J. McElherne, attorney for defendant in error.

Mr. Presiding Justice Adams delivered the opinion of the court.

The only question argued by counsel and presented for decision is whether the alias special execution was a valid writ. Counsel for plaintiff in error contend that it was not; first, because an alias special execution is not authorized by the statute, and, secondly, because the delay from August 15, 1899, when the first writ was returned, to April 9, 1900, a period of nearly eight months, and the latter date, more than two years after judgment was rendered, was an abandonment of the lien of the attachment.

Counsel for appellee rely solely on section 26 of the attachment act in support of the alias writ. The only statutory authority for the issuance of a special execution in such cases as the present is section 35 of the attachment act, which is as follows:

" When the defendant shall be notified as aforesaid, but not served with process, and shall not appear and answer the action, judgment by default may be entered, which may be proceeded upon to final judgment as in other cases of default, but in no case shall judgment be rendered against the defendant for a greater sum than appears by the affidavit of the plaintiff to have been due at the time of obtaining the attachment, with interest, damages and costs; and such judgment shall bind, and a special execution shall issue against the property, credits and effects attached, and no execution shall issue against any other property of the defendant; nor shall such judgment be any evidence of debt against the defendant in any subsequent suit." Rev. St. Ill. (Hurd), 1899, Ch. 11, Sec. 35.

The language of the section is " a special execution." There is no provision in the statute for an alias special execution. The proceeding by attachment by which the tangible property of a debtor is levied on and seized, is unknown to the common law, and therefore the common

law can not be relied on in support of the alias writ.
Drake on Attachment, 5th Ed., Chap. 1.

The language of the statute in relation to attachment,
in cases in which a writ of attachment may issue, is, "a
creditor may have *an* attachment against the property of
his debtor." "To entitle a creditor to such a writ of attach-
ment," etc.   Hurd's Rev. Stat. 1899, Chap. 11, Secs. 1 and 2.

There is no mention in the statute of an alias writ of
attachment, and no statutory authority for the issuance of
such writ.   Section 31 of the statute authorizes the issuance
of "an attachment" in aid of a suit commenced by sum-
mons or capias, but makes no mention of an alias writ of
attachment.   In Pack, Woods & Co. v. Savings Bank, 172
Ill. 196, a writ of attachment in aid was issued and was
returned "not found" as to certain persons named as gar-
nishees in the writ, whereupon the plaintiff filed a second
affidavit and bond, and sued out a second writ in aid, which
was served.   The American Trust and Savings Bank, one
of the garnishees served by virtue of the alias writ, entered
a special appearance and moved to quash the alias writ,
which motion the trial court overruled.   The Supreme
Court say : "We find nothing in the statute authorizing the
issuing of an alias writ of attachment.   As said by the
Appellate Court, attachments are in derogation of the com-
mon law, being creatures of statute only, and it is the rule
that such statutes, except when otherwise provided, must
be strictly construed."   The court further say :   "As the
statute nowhere provides for more than one writ of attach-
ment to the same county in the same writ, we think the
issuing of the alias writ was unauthorized, and no jurisdic-
tion was obtained by the court by the service of the same
on the garnishee."

We can perceive no distinction in principle between the
case cited and the present case.   If an alias writ of attach-
ment in aid is invalid, for the reason that it is not author-
ized by the statute, an alias special execution is invalid for
the same reason.

Section 26 of the attachment act, relied on by counsel for
defendant in error, is as follows :   "The practice and plead-

ing in attachment suits, except as otherwise provided in this act, shall conform, as nearly as may be, to the practice and pleadings in other suits at law." Counsel quote this section and contend that there is no analogy between an alias writ of attachment and an alias special execution, and refer to the practice of issuing alias and pluries executions in common law suits, although such executions are not, in terms, authorized by statute. There is this distinction, however: common law suits are brought by virtue of the common law, and the practice of issuing alias executions on judgments recovered in such suits is well established at common law; whereas, the proceeding by attachment and the issuing of a special execution to subject to sale the attached property exist only by virtue of the statute, and when, in such case, a right does not exist by virtue of the statute, it is non-existent. We think it manifest that if section 26 can be relied on in support of an alias special execution, it may equally be relied on in support of an alias writ of attachment, because section 7 of the practice act expressly provides that if a summons or capias is returned not found, another summons or capias may issue, and so on until service is had.

We find it unnecessary to pass on the question of the effect of the delay in enforcing the lien acquired by the levy of the attachment writ.

The order overruling the motion of plaintiff in error to recall and quash the alias writ of execution, issued April 9, 1900, is reversed, and the cause is remanded for further proceedings in accordance with this opinion. Reversed and remanded.